IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK COLLINS, INC.,

    Plaintiff,

vs.

JOHN DOES 1-10,

    Defendants.

_____/

No. 2:12-cv-1452 JAM CKD

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

        In this action, plaintiff alleges copyright infringement of a pornographic motion picture against Doe defendants. In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the subject motion picture by the Doe defendants via the Bit Torrent file transfer protocol. Although plaintiff does not know the actual names of the Doe defendants, plaintiff's agents created a log identifying the Doe defendants by their IP addresses and the dates and times of their alleged unlawful activity. The IP addresses, internet service providers ("ISPs"), and dates and times of the alleged unlawful activity by the Doe defendants are identified in an exhibit to plaintiff's complaint.

/////

Plaintiff has filed an ex parte application for expedited discovery to serve Rule 45 subpoenas on the ISPs to obtain the names, addresses, telephone numbers, and e-mail addresses of the Doe defendants. With respect to the requested expedited discovery as to Doe 1, the court finds plaintiff has shown good cause and the request will be granted. With respect to the remaining Doe defendants, however, it appears that plaintiff's joinder of unrelated defendants is improper under Federal Rule of Civil Procedure 20. Given the technical complexities of BitTorrent swarm functions,[1] it appears unlikely that the Doe defendants engaged in any coordinated effort or concerted activity. See, e.g. Boy Racer, Inc. v. Does 1-60, 2001 WL 3652521 (N.D. Cal. Aug. 19, 2011). Under these circumstances, permissive joinder under Federal Rule of Civil Procedure 20(a)(2) is not warranted.[2] Accordingly, the court will authorize

---

[1] The BitTorrent protocol has been summarized as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404 at *1-2 (N.D. Cal. May 31, 2011).

[2] The court has additional concerns regarding plaintiff's request for expedited discovery. A number of similar cases have been filed in the past several months, many of which appear to be simply using the federal courts as an avenue to collect money. As one judge aptly observed:

> The Court is familiar with lawsuits like this one. [Citations omitted.]

1  expedited discovery only as to Doe 1 and recommend that the remaining Doe defendants be

2  dismissed without prejudice under Federal Rule of Civil Procedure 21.

3        Accordingly, IT IS HEREBY ORDERED that:

4        1. Plaintiff's ex parte application and motion for leave to take expedited

5  discovery (dkt. no. 4) is granted in part;

6        2. Plaintiff may immediately serve a Rule 45 subpoena on the ISP Bright House

7  Networks to obtain the following information about the subscriber (defendant John Doe 1)

8  corresponding to the IP address 174.134.206.190: *name, address, telephone number, and e-mail*

9  *address*. The subpoena shall have a copy of this order attached.

10       3. The ISP, in turn, shall serve a copy of the subpoena and a copy of this order

11 upon its relevant subscriber within 30 days from the date of service upon it. The ISP may serve

12 the subscriber using any reasonable means, including written notice sent to the subscriber's last

13 known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.

---

> These lawsuits run a common theme:  plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff.  The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps.  The rewards: potentially hundreds of thousands of dollars.  Rarely do these cases reach the merits.
>
>    The federal courts are not cogs in a plaintiff' copyright-enforcement business model.  The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial.  By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable.  If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

Malibu Media, LLC v. John Does 1 through 10, No. 2:12-cv-3623-ODW(PJWx), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012); see also Malibu Media, LLC v. Does 1-5, No. 12 Civ. 2950(JPO), 2012 WL 2001968 at *1 (S.D.N.Y. June 1, 2012) (court "shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded.").

1        4. The subscriber and the ISP shall each have 30 days from the respective dates of
2 service upon them to file any motions contesting the subpoena (including a motion to quash or
3 modify the subpoena). If that period elapses without the filing of a contesting motion, the ISP
4 shall have ten (10) days thereafter to produce the information responsive to the subpoena to
5 plaintiff.
6        5. The subpoenaed ISP shall preserve any subpoenaed information pending the
7 production of the information to plaintiff and/or the resolution of any timely-filed motion
8 contesting the subpoena.
9        6. The ISP that receives a subpoena pursuant to this order shall confer with
10 plaintiff before assessing any charge in advance of providing the information requested in the
11 subpoena. If the ISP elects to charge for the costs of production, it shall provide plaintiff with a
12 billing summary and cost reports.
13        7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may
14 not be used for any improper purpose and may only be used for protecting plaintiff's rights as set
15 forth in the Complaint; and
16        IT IS HEREBY RECOMMENDED that Does 2-10 be dismissed without
17 prejudice.
18        These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
20 fourteen days after being served with these findings and recommendations, any party may file
21 written objections with the court and serve a copy on all parties. Such a document should be
22 captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the
23 objections shall be served and filed within seven days after service of the objections. The parties
24 /////
25 /////
26 /////

1 | are advised that failure to file objections within the specified time may waive the right to appeal
2 | the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: July 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
collins.1452.expdisc